# ORIG1NAL

FILED IN CLERK'S OFFICE
U.S.D.C. - Newnan

AUG 1 9 2009

James N. Hatten
Deputy Clerk   Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

AMBER NICHOLE WRIGHT,     )
      Plaintiff,                )
                        )   CASE NO. _____
    v.                        )
                        )
FAROUK SYSTEMS, INC.,     )   **JURY TRIAL DEMANDED**
                        )
      Defendant.                )

3 09-CV- 92 JTC

## COMPLAINT

COMES NOW, Amber Nichole Wright (hereinafter "Plaintiff"), and brings this

Complaint, showing the court as follows:

<u>JURISDICTION AND VENUE</u>

1.

Plaintiff is an individual born on August 12, 1991, and residing in Douglasville,

Georgia.

2.

Defendant Farouk Systems, Inc. (hereinafter "Farouk Systems") is a corporation

formed in Texas with its corporate headquarters located at 250 Pennbright Drive,

Houston, TX 77090. Defendant Farouk Systems may be served through its registered

agent, C.T. Corporation System at 350 N. St. Paul Street, Dallas, TX 75201.

7.

Defendant Farouk Systems is a manufacturer of professional hair care and spa products, including the Cationic Hydration Interlink (hereinafter "CHI") line of professional hair coloring products.

8.

On February 11, 2005, Plaintiff visited Vicki O's, Inc., a hair salon in Carrollton, Georgia (hereinafter "Vickie O's").

9.

On that date, Plaintiff had her hair cut and highlighted by a stylist employed by Vickie O's who was licensed as a Master Cosmetologist.

10.

The stylist used a mixture of CHI 40 Volume Color Generator and CHI Blondest Blonde Ionic Powder Lightener in order to lighten the color of Plaintiff's hair.

11.

After mixing the products, the stylist applied the mixture of CHI products to Plaintiff's hair using a foiling method where the products are applied to small sections of hair, wrapped in foil to set, and then placed under a dryer for twelve to fifteen minutes.

3

3.

The Amount in controversy, without interest and costs, exceeds $75,000.00. As Plaintiff is a citizen of Georgia, and Defendant Farouk Systems is a corporation formed in Texas with its principle place of business in Texas, this Court is vested with subject matter jurisdiction according to 28 U.S.C. § 1332.

4.

This Court has personal jurisdiction over Defendant Farouk Systems by virtue of its transacting, doing, and soliciting business in this District. FED. R. CIV. P. 4(k)(1)(A); O.C.G.A. § 9-10-91.

5.

Venue is proper as pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

6.

Plaintiff is the natural child of Willard and Lisa Wright, and was thirteen years old at the time of the events at issue.

2

12.

After the mixture was applied to Plaintiff's hair, she was placed under a dryer, where she stayed for approximately four minutes until she began to complain about her scalp burning and removed her head from under the dryer.

13.

As a result of the application of CHI products in Plaintiff's hair, she received second and third degree burns to her scalp.

14.

As a result of the application of CHI products in Plaintiff's hair, she has incurred medical costs for treatment of the burns, and expects to incur future medical costs.

15.

As a result of the injuries sustained by the CHI products, Plaintiff has suffered mental and emotional pain and suffering and related damages.

COUNT I:  NEGLIGENT DESIGN AND MANUFACTURE –

CHI 40 VOLUME COLOR GENERATOR

16.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 15 above.

4

17.

Defendant Farouk Systems had a duty to the intended and foreseeable users of the CHI 40 Volume Color Generator to avoid placing on the market unreasonably dangerous products that Defendant Farouk Systems knew or should have known would create or could create an unreasonably dangerous condition that could result in serious injury or death.

18.

The design of the CHI 40 Volume Color Generator was inherently dangerous, defective, not merchantable, and not reasonably suited for the use intended.

19.

The manufacture of the CHI 40 Volume Color Generator resulted in the same being inherently dangerous, defective, not merchantable, and not reasonably suited for the use intended.

20.

On or before February 11, 2005, Defendant Farouk Systems knew, or should have known that a defective and unreasonably dangerous condition existed with the CHI 40 Volume Color Generator at the time it left control of Defendant Farouk

5

Systems, and that even with reasonable use, injuries, and/or death to an individual or individuals could result.

21.

The incident caused by the dangerous condition of the CHI 40 Volume Color Generator and resulting in Plaintiff's injuries was reasonably foreseeable to Defendant Farouk Systems.

22.

Defendant Farouk Systems breached its duty to intended and foreseeable users by negligently designing the CHI 40 Volume Color Generator, and that breach proximately caused the injuries to Plaintiff.

COUNT II:  NEGLIGENT FAILURE TO WARN –

CHI 40 VOLUME COLOR GENERATOR

23.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 22 above.

24.

Defendant Farouk Systems had a duty to warn the intended and foreseeable users of the CHI 40 Volume Color Generator that the products they placed on the market were inherently dangerous.

6

25.

Defendant Farouk Systems breached this duty when they failed to properly warn intended users, such as the stylists using the products or the customers the products are used on, of the potential risks or inherent dangers present in the CHI 40 Volume Color Generator.

26.

Defendant Farouk Systems' breach of its duty to warn intended users of the inherent danger of the CHI 40 Volume Color Generator proximately caused Plaintiff's injuries.

<u>COUNT III:  STRICT LIABILITY IN TORT –</u>

<u>CHI 40 VOLUME COLOR GENERATOR</u>

27.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 26 above.

28.

The CHI 40 Volume Color Generator, when sold by Defendant Farouk Systems, was not merchantable and reasonably suited to the use intended.

7

29.

The condition of the CHI 40 Volume Color Generator when sold is the proximate cause of Plaintiff's injuries.

30.

Defendant Farouk Systems is strictly liable in tort for Plaintiff's injuries as caused by the CHI 40 Volume Color Generator.

COUNT IV: STRICT LIABILITY FAILURE TO WARN –

CHI 40 VOLUME COLOR GENERATOR

31.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 above.

32.

Defendant Farouk Systems had reason to anticipate that danger would result from the use of the CHI 40 Volume Color Generator, and so had a duty to give an adequate warning of the danger.

33.

The CHI 40 Volume Color Generator, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to adequately communicate the known danger to the purchaser and/or end user at the time of sale and delivery.

8

34.

The CHI 40 Volume Color Generator, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to provide an adequate warning of the product's potential risks to the purchaser and/or end user at the time of sale and delivery.

35.

Defendant Farouk Systems is strictly liable for Plaintiff's injuries as caused by the failure to warn about known risks involving the CHI 40 Volume Color Generator.

COUNT V:  NEGLIGENT DESIGN AND MANUFACTURE –

CHI BLONDEST BLONDE IONIC POWDER LIGHTENER

36.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 35 above.

37.

Defendant Farouk Systems had a duty to the intended users of the CHI Blondest Blonde Ionic Powder Lightener to avoid placing on the market unreasonably dangerous products that Defendant Farouk Systems knew or should have known would create or could create an unreasonably dangerous condition that could result in serious injury or death.

9

38.

The design of the CHI Blondest Blonde Ionic Powder Lightener was inherently dangerous, defective, not merchantable, and not reasonably suited for the use intended.

39.

The manufacture of the CHI Blondest Blonde Ionic Powder Lightener resulted in the same being inherently dangerous, defective, not merchantable, and not reasonably suited for the use intended.

40.

On or before February 11, 2005, Defendant Farouk Systems knew, or should have known that a defective or unreasonably dangerous condition existed with the CHI Blondest Blonde Ionic Powder Lightener at the time it left control of Defendant Farouk Systems, and that even with reasonable use, injuries, and/or death to an individual or individuals could result.

41.

The incident caused by the dangerous condition of the CHI Blondest Blonde Ionic Powder Lightener and resulting in Plaintiff's injuries was reasonably foreseeable to Defendant Farouk Systems.

10

42.

Defendant Farouk Systems breached their duty to intended users by negligently designing the CHI Blondest Blonde Ionic Powder Lightener, and that breach proximately caused the injuries to Plaintiff.

## COUNT VI:  NEGLIGENT FAILURE TO WARN –

## CHI BLONDEST BLONDE IONIC POWDER LIGHTENER

43.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 42 above.

44.

Defendant Farouk Systems had a duty to warn the intended users of their CHI Blondest Blonde Ionic Powder Lightener that the products they placed on the market were inherently dangerous.

45.

Defendant Farouk Systems breached this duty when they failed to properly warn intended users, such as the stylists using the products or the customers the products are used on, of the potential risks or inherent dangers present in the CHI Blondest Blonde Ionic Powder Lightener.

11

46.

Defendant Farouk Systems breached their duty to warn intended users of the inherent danger of the CHI Blondest Blonde Ionic Powder Lightener, and that breach proximately caused Plaintiff's injuries.

### COUNT VII:  STRICT LIABILITY IN TORT –

### CHI BLONDEST BLONDE IONIC POWDER LIGHTENER

47.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 above.

48.

The CHI Blondest Blonde Ionic Powder Lightener, when sold by Defendant Farouk Systems, was not merchantable and reasonably suited to the use intended.

49.

The condition of the CHI Blondest Blonde Ionic Powder Lightener when sold is the proximate cause of Plaintiff's injuries.

50.

Defendant Farouk Systems is strictly liable in tort for Plaintiff's injuries as caused by the CHI Blondest Blonde Ionic Powder Lightener.

12

## COUNT VIII:  STRICT LIABILITY FAILURE TO WARN –

## CHI BLONDEST BLONDE IONIC POWDER LIGHTENER

### 51.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 above.

### 52.

Defendant Farouk Systems had reason to anticipate that danger would result from the use of the CHI Blondest Blonde Ionic Powder Lightener, and so had a duty to give an adequate warning of the danger.

### 53.

The CHI Blondest Blonde Ionic Powder Lightener, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to adequately communicate the known danger to the purchaser at the time of sale and delivery.

### 54.

The CHI Blondest Blonde Ionic Powder Lightener, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to adequately communicate the known danger to the end user.

13

55.

The CHI Blondest Blonde Ionic Powder Lightener, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to provide an adequate warning of the product's potential risks to the purchaser at the time of sale and delivery.

56.

The CHI Blondest Blonde Ionic Powder Lightener, when sold by Defendant Farouk Systems, lacked such necessary and appropriate warnings to provide an adequate warning of the product's potential risks to the end user.

57.

Defendant Farouk Systems is strictly liable for Plaintiff's injuries as caused by the failure to warn about known risks involving the CHI Blondest Blonde Ionic Powder Lightener.

## COUNT VII:  PUNITIVE DAMAGES

58.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 57 above.

14

59.

Defendant Farouk Systems' actions justify the imposition of punitive damages in that they show willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences.

## COUNT VIII: EXPENSES OF LITIGATION

60.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 59 above.

61.

Defendant Farouk Systems acted in bad faith in placing CHI Blondest Blonde Ionic Powder Lightener and CHI 40 Volume Color Generator in channels of commerce.

62.

Plaintiff is therefore entitled to expenses of litigation including, but not limited to, attorney fees.

15

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests a trial by jury and prays for judgment against Defendant Farouk Systems, and that Defendant Farouk Systems be found liable for all damages as follows:

1.    All special damages as determined by the enlightened conscious of a jury;

2.    General damages in an amount to be determined by the enlightened conscious of a jury;

3.    Punitive damages against Defendant Farouk Systems in an amount sufficient to punish them and further to deter others from engaging in similar behavior in the future, in an amount to be determined by the enlightened conscious of a jury;

4.    For all attorneys' fees and costs incurred in this action; and

5.    Any such other and further relief as the Court deems just and equitable.

**[Signatures on following page.]**

16

This 19th day of August, 2009.

Respectfully submitted,

**BUCKLEY BROWN, P.C.**


TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
TRACY K. HAFF
Georgia State Bar No. 141230
Attorneys for Plaintiff

2970 Clairmont Road NE
Suite 1010
Atlanta, Georgia 30329
404-633-9230 (p)
404-633-9640 (f)


**SHERROD & BERNARD**


JOHN W. SHERROD
(Signed with express permission)
Georgia State Bar No. 642360
Attorney for Plaintiff

8470 Price Avenue
P.O. Box 1154
Douglasville, GA 30133-1154
(770) 920-8350
(770) 920-8970 (facsimile)